## J. A. J. THOMAS ET AL *v.* J. GENTRY, ADMR.

**Appeal and Error—Objections to Affidavit.**

It is too late to object to the sufficiency of an affidavit, when no objections were made on the trial to filing the reply to which it was attached, nor motion made to strike it from the files.

**Res Judicata—Plea in Bar.**

Where the records of a former suit shows that the action was dismissed for want of service, it cannot be pleaded in bar to a subsequent action in another jurisdiction.

**Foreign Administrator—Bond as Required by Act of February 28, 1854, Second Section.**

The failure of a foreign administrator to execute a covenant to the Commonwealth, as prescribed under the Acts, February 28, 1854, second section, is a fatal error, though the objection not made in the court below.

APPEAL FROM DAVIESS CIRCUIT COURT.

February 4, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The authentication of the grant of administration to appellee on the estate of Robert Montgomery, the payee in the note; is sufficient under the *18th section, chapter 35 Revised Statutes 1 vol. page 468,* and the appellant's exception was therefore properly overruled.

The affidavit attached to the reply is regarded as sufficient and if it were not, a demurrer would not reach the objection, and the record does neither show that the objection was made to filing the reply, nor motion made after it was filed to strike it from the files. It is therefore, to late to object to the suffieiency of the affidavit and the objection can not be now available.

The record of the proceedings in the court of common pleas, in Indiana, shows that the action was dismissed as to appellants because process was not served on them, and the order of dismissal can not be regarded as a judgment in bar of this action.

But under the second section of the act approved 28th February,

1854, before a judgment shall be rendered in favor of a foreign administrator against a citizen of Kentucky, a covenant shall be executed, by a sufficient surety to the commonwealth to the effect that the plaintiff, to the extent of money that come to him *"in the action"* will pay any debt due by said decedent to any resident of Kentucky who shall within three years thereafter commence an action on said covenant for his use to establish and collect such debt.   *1 Sta. Revised Statutes page 513.*

In this case no such bond was executed; the statute seems imperative, and no judgment should have been rendered; the intimation in *Wayland vs. Porterfield. ext. 1 Metc. 638,* that it did not appear that the objection was made in the court below before or after judgment is a mere *obiter,* this question was not there decided.

The failure therefore, to execute the covenant required by the statute supra is a fatal error.   Wherefore the judgment is *reversed,* and the cause is remanded with directions for the court below to order the covenant prescribed to be executed, and upon failure by the plaintiff to do so to set aside the judgment and dismiss the petition.

*Taylor, for appellants.*